Kinkade, J.,
dissenting. It is conceded by the plaintiffs in error that their right of appeal depends entirely upon Section 11206, General Code. To say that every order made by a probate judge with respect to the administration of an estate, which involves the direction to the administrator to pay or not to pay to any given party money belonging to the estate, is necessarily an order or decision made in the settling of the accounts of the administrator, as mentioned in Section 11206, seems to me a mere play on words. .
The account of the administrator which the probate court settles is an account between the administrator and the heirs or legatees or devisees under the will, to whom the. residue of the estate will pass after the expenses of administration are taken out, and the validity of a claim of a creditor against the assets of the estate, whose claim arose, as in this case, after the death of the testator, is *317 in no wise affected by any order that the court may make with respect to the settling of the accounts of the administrator.
The situation is not helped out any by a reference to Section 10214, General Code, calling for a liberal construction of the provisions of the statutes in that subdivision, including Section 11206. The liberal construction called for is for the purpose of enabling the parties to secure justice, etc. It by no means follows that it will further the ends of justice to engraft upon the statute the right of appeal, when it does not exist by virtue of the terms of the statute. The party desiring to appeal is not the only one that is to have justice by virtue of a liberal construction of the statute.
We come back to the point from which we started, to-wit, Section 11206 must, standing alone, determine whether the plaintiffs in error had a right to appeal. The papers before this court donot disclose what action, if any, has been taken with respect to the settling of the accounts of this administrator by the probate court, other than in so far as it- is discoverable with respect to this particular item, by an inspection of the journal entry in which the court allowed four' hundred dollars on the two thousand dollar claim made by the plaintiffs in error. The plaintiffs in error, upon the refusal of the administrator to pay their claim, elected to go into the probate court with a petition and cite all parties to appear and there try out before the probate judge their right to have the full amount of their claim. The decision of the probate judge gave them four hundred instead of two thousand dollars. .From this they undoubtedly *318 could prosecute error, but it does not follow that they can also prosecute appeal.
I am clearly of the opinion that the trial judge was entirely correct in dismissing the appeal, and I think the action of the trial court should be affirmed.